## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 18, 2019

Court of Appeals Case No.
18A-CR-2690

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1802-F6-119

**Baker, Judge.**

[1] Joshua Miller appeals his conviction for Level 6 Felony Unlawful Possession of a Syringe,[1] arguing that the trial court erred by admitting certain evidence. Finding no error, we affirm.

## Facts

[2] On January 26, 2018, St. Joseph Police Department Officers Randy Rodriguez and Brad Bauters were dispatched to Clay Park for a possible overdose. Officer Bauters had been a police officer for over four years and is trained to identify the appearance of heroin and the methods of ingestion. During the course of his career, he has responded to the scene of two to three dozen opioid overdoses. Signs of an overdose from an opioid such as heroin include pinpointed pupils, unresponsiveness, and respiratory failure. Narcan can counteract an opioid overdose but does not affect a person who is not experiencing one.

[3] Officer Rodriguez found Miller lying face down on the ground. Miller's pupils were pinpointed, he was nonresponsive, he was not breathing, and his pulse was faint. Officer Rodriguez believed that Miller had overdosed on an opioid, so the officer administered Narcan. Miller began to breathe shallowly. Officer Bauters administered a second dose of Narcan and Miller's breathing improved.

---

[1] Ind. Code § 16-42-19-18.

Officer Bauters looked for identification in Miller's front right pocket and found a syringe that appeared to contain heroin.

[4] On February 3, 2018, the State charged Miller with Level 6 felony unlawful possession of a syringe. At Miller's August 16, 2018, jury trial, Miller objected to Officer Bauters's testimony that the syringe appeared to contain heroin, arguing that the officer was not an expert. The trial court overruled the objection. At the conclusion of the trial, the jury found Miller guilty as charged. The trial court ultimately sentenced Miller to two years, fully suspended to probation. Miller now appeals.

## Discussion and Decision

[5] Miller argues that the trial court erred by allowing Officer Bauters to testify about his opinion regarding the contents of the syringe. We will reverse a trial court's ruling on the admissibility of evidence only if the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *J.K. v. State*, 8 N.E.3d 222, 228 (Ind. Ct. App. 2014). A person commits Level 6 felony possession of a syringe if he possesses the syringe with the intent to, among other things, inject a legend drug or controlled substance. I.C. § 16-42-19-18.

[6] Indiana Evidence Rule 701 provides that a witness who is not testifying as an expert may offer an opinion "that is . . . rationally based on the witness's perception" and "helpful to a clear understanding of the witness's testimony or to a determination of a fact in issue." The rule applies to skilled witnesses, who

are people who possess "specialized knowledge short of that necessary to be declared an expert under Indiana Evidence Rule 702 but beyond that possessed by an ordinary juror." *A.J.R. v. State*, 3 N.E.3d 1000, 1003 (Ind. Ct. App. 2014). A skilled witness may testify about his observations and "'to opinions or inferences that are based solely on facts within [his] own personal knowledge.'" *Id.* (quoting *Hawkins v. State*, 884 N.E.2d 939, 944 (Ind. Ct. App. 2008)). A police officer may be qualified to identify drugs. *E.g.*, *Jones v. State*, 957 N.E.2d 1033, 1041 (Ind. Ct. App. 2011).

[7] Here, Officer Bauters had been a police officer for over four years, had responded to the scene of two to three dozen opioid overdoses, and had been specifically trained to identify the appearance of heroin and the methods of ingestion. This training and specialized knowledge is beyond that possessed by an ordinary juror and qualified Officer Bauters as a skilled witness regarding heroin identification. Therefore, the trial court did not err by allowing the officer to testify that, in his opinion, the substance in the syringe was heroin based on its color, which was "clearish" or "tan." Tr. p. 51-52.

[8] We also note that even if the admission of that testimony was erroneous, the error was harmless given the wealth of other evidence in the record supporting the conviction. The officers testified regarding the symptoms of an overdose and explained that Narcan can stop an overdose but has no effect on a person who has not ingested opioids. They then testified that when they found Miller, his symptoms were consistent with that of an overdose, and that when they administered two doses of Narcan, it mitigated his symptoms and restarted his

breathing. Moreover, Officer Bauters admitted that while he believed the substance in the syringe was heroin, he was not positive, leaving the ultimate conclusion on that issue in the jury's hands. Therefore, any error in the admission of the evidence was harmless.

[9] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.